```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:08-cv-00577 WBS-KJM
                                     )
12          Plaintiff,               )   STIPULATION FOR
                                     )   PROTECTIVE ORDER AND
13      v.                           )   ORDER
                                     )
14  APPROXIMATELY $26,395.00 IN U.S. )
    CURRENCY,                        )
15                                   )
    APPROXIMATELY $10,880.00 IN U.S. )
16  CURRENCY,                        )
                                     )
17  APPROXIMATELY $5,000.00 IN U.S.  )
    CURRENCY,                        )
18                                   )
    APPROXIMATELY $9,932.73 IN U.S.  )
19  CURRENCY SEIZED FROM WASHINGTON  )
    MUTUAL BANK, CD, ACCOUNT NUMBER  )
20  09414284883,                     )
                                     )
21  APPROXIMATELY $9,966.82 IN U.S.  )
    CURRENCY SEIZED FROM WASHINGTON  )
22  MUTUAL BANK ACCOUNT NUMBER       )
    093400000117054,                 )
23                                   )
    APPROXIMATELY $26,712.81 IN U.S. )
24  CURRENCY SEIZED FROM WASHINGTON  )
    MUTUAL BANK ACCOUNT NUMBER       )
25  093400000117020,                 )
                                     )
26  APPROXIMATELY $2,976.06 IN U.S.  )
    CURRENCY SEIZED FROM WASHINGTON  )
27  MUTUAL BANK ACCOUNT NUMBER       )
    00930008192250,                  )
28                                   )
```

```
1  APPROXIMATELY $413.67 IN U.S.         )
   CURRENCY SEIZED FROM WELLS FARGO      )
2  ACCOUNT NUMBER 056-4346773, and       )
                                         )
3  MISCELLANEOUS GROW EQUIPMENT,         )
                                         )
4            Defendants.                 )
   _____)
5
```

     Plaintiff United States of America and claimant William Pearce, hereby stipulate to the following protective order:

     1.   Claimant William Pearce ("claimant")is the sole claimant to the defendant property.

     2.   Plaintiff United States of America has served claimant with written discovery, and plans to notice his deposition. However, claimant's counsel has advised plaintiff that claimant will assert his Fifth Amendment right against self-incrimination to any discovery because claimant is the target of an open investigation in the Criminal Division in the U.S. Attorney's Office involving the same conduct that led to the seizure of the defendant property and the filing of the instant civil forfeiture action.

     3.   Claimant's assertion of his Fifth Amendment right against self-incrimination substantially interferes with his ability to contest this forfeiture action and with plaintiff's ability to question him about the Claim he filed to the defendant property, the Answer he filed to the forfeiture complaint, and the activities that are the basis for the forfeiture.

     4.   Plaintiff must obtain claimant's discovery responses and his deposition testimony to complete discovery.

     5.   Plaintiff agrees that no testimony or documents claimant produces in this civil forfeiture action, whether by way

of discovery responses, deposition testimony, or trial testimony, shall be used by federal, state, or local authorities in connection with any criminal prosecution other than as set forth in paragraph 10 below.

6.   Except as provided in paragraph 10, plaintiff agrees not to provide discovery documents, discovery responses, or deposition or trial testimony to any federal, state, or local prosecutor for use in a criminal prosecution, and agrees that this material shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

7.   Claimant understands that the material produced in discovery may be reviewed by paralegal or secretarial staff in the U.S. Attorney's Office or by law enforcement agents (federal, state, or local) solely for purposes of the prosecution, defense, or settlement of this civil forfeiture action, and for no other purpose.

8.   Nothing in this stipulation is intended to prevent a federal, state, or local law enforcement officer from attending claimant's deposition or the deposition of any witness.

9.   Nothing in this stipulation is intended to prevent the plaintiff from filing claimant's discovery responses or deposition testimony in court as exhibits to a motion such as a motion for summary judgment or motion to compel discovery, provided however that plaintiff will request said filings to be sealed.

10.   Nothing in this stipulation is intended to prevent the plaintiff from using any testimony or documents Pearce produces

in this civil forfeiture action in any subsequent prosecution for perjury or false statement.

11.  This order shall survive the final disposition of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information produced hereunder.

Dated: December 8, 2010         BENJAMIN B. WAGNER
                                United States Attorney


                           By:  /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney
                                Attorneys for Plaintiff
                                United States of America

Dated: December 8, 2010         DANIEL J. BRODERICK
                                Federal Defender

                           By   /s/ Timothy Zindel
                                (As authorized on 12/08/10)
                                TIMOTHY ZINDEL
                                Assistant Federal Defender
                                Attorney for claimant
                                William Pearce

IT IS SO ORDERED.

Dated:  December 9, 2010.


                                _____
                                U.S. MAGISTRATE JUDGE