BENJAMIN B. WAGNER
United States Attorney
BOBBIE J. MONTOYA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814-2322
Telephone: (916) 554-2775

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CV-00577-WBS-CMK (TEMP) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FINAL JUDGMENT OF FORFEITURE |
| ) | |
| APPROXIMATELY $26,395.00 IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| APPROXIMATELY $10,880.00 IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| APPROXIMATELY $5,000.00 IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| APPROXIMATELY $9,932.73 IN U.S. ) | |
| CURRENCY SEIZED FROM ) | |
| WASHINGTON MUTUAL BANK, CD ) | |
| ACCOUNT NUMBER 09414284883, ) | |
| ) | |
| APPROXIMATELY $9,966.82 IN U.S. ) | |
| CURRENCY SEIZED FROM ) | |
| WASHINGTON MUTUAL BANK ) | |
| ACCOUNT NUMBER 093400000117054, ) | |
| ) | |
| APPROXIMATELY $26,712.81 IN U.S. ) | |
| CURRENCY SEIZED FROM ) | |
| WASHINGTON MUTUAL BANK ) | |
| ACCOUNT NUMBER 093400000117020, ) | |
| ) | |
| APPROXIMATELY $2,976.06 IN U.S. ) | |
| CURRENCY SEIZED FROM ) | |
| WASHINGTON MUTUAL BANK ) | |
| ACCOUNT NUMBER 009300008192250, ) | |
| ) | |

|   |   |
|---|---|
| APPROXIMATELY $413.67 IN U.S. CURRENCY SEIZED FROM WELLS FARGO ACCOUNT NUMBER 056-4346773, and | ) ) ) ) ) |
| MISCELLANEOUS GROW EQUIPMENT, | ) ) ) ) |
| Defendants. | ) ) |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against the above-captioned assets (hereinafter cumulatively referred to as "defendant properties") seized on or about September 26, 2007.

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 13, 2008, alleging that said defendant currency and funds are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C), and the defendant miscellaneous grow equipment is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(9) and 21 U.S.C. § 881(a)(10).  Doc. #1.

3. On or about March 17, 2008, the Clerk issued a Warrant for Arrest for the defendant properties.  Doc. #4.  The warrant for the Approximately $9,966.82 in U.S. Currency seized from Washington Mutual Bank Account Number 093400000117054, the Approximately $26,712.81 in U.S. Currency seized from Washington Mutual Bank Account Number 093400000117020, the Approximately $2,976.06 in U.S. Currency seized from Washington Mutual Bank Account Number 009300008192250, and the Approximately $413.67 in U.S. Currency seized from Wells Fargo Account Number 056-4346773 was duly executed on March 18, 2008.  Docs. #9-13.  The warrant for the Approximately $26,395.00 in U.S. Currency, the Approximately $10,880.00 in U.S. Currency, the Approximately $5,000.00 in U.S. Currency and the Approximately $9,932.73 in U.S. Currency seized from Washington Mutual Bank, CD, Account Number 09414284883, was duly executed on March 19, 2008.  Doc. #8.  The warrant for the defendant Miscellaneous Grow Equipment was duly executed on March 31, 2008 and April 28, 2008.  Docs. #16-17.

4. On May 19, 2008, a Notice of Arrest and Seizure of the defendant properties appeared by publication in *The Daily Recorder*, a newspaper of general circulation in the county in which certain

of the defendant properties were seized (Sacramento County).  The Proof of Publication was filed with the Court on May 27, 2008.  Doc. #18.  On May 21, 2008, a Notice of Arrest and Seizure of the defendant properties appeared by publication in *The Stockton Record*, a newspaper of general circulation in the county in which certain of the defendant properties were seized (San Joaquin County).  The Proof of Publication was filed with the Court on June 4, 2008.  Doc. #19.

5. In addition to the Notice of Arrest and Seizure having been completed, the United States gave or attempted to give actual notice to the following individuals and entities:

    a. William H. Pearce

    b. Kristin Burckard.

6. Claimant filed a verified claim to the defendant properties and an answer to the complaint on April 17, 2008.  Docs. #14, 15, respectively.  No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Kristin Burckard on March 28, 2011.  Doc. #35.  Pursuant to Local Rule 540, the United States and claimant jointly request that as part of the Final Judgment of Forfeiture in this case that the Court enter a default judgment against the interest, if any, of Kristin Burckard without further notice.

Based on the above findings, and the files and records of this Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against William H. Pearce, and all other potential claimants who have not filed claims in this action, including default judgment against Kristin Burckard.

3. Upon entry of this Final Judgment of Forfeiture, the following defendant properties shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), and/or 21 U.S.C. §§ 881(a)(6), (a)(9), and/or (a)(10), to be disposed of according to law:

    a.    Approximately $26,395.00 in U.S. Currency, together with any interest that may have accrued on that amount;

    b.    Approximately $10,880.00 in U.S. Currency, together with any interest that may have accrued on that amount;

      c.      Approximately $5,000.00 in U.S. Currency, together with any interest that may have accrued on that amount;

      d.      Approximately $26,712.81 in U.S. Currency seized from Washington Mutual Bank Account Number 093400000117020, together with any interest that may have accrued on that amount;

      e.      Approximately $2,976.06 in U.S. Currency seized from Washington Mutual Bank Account Number 009300008192250, together with any interest that may have accrued on that amount;

      f.      Approximately $413.67 in U.S. Currency seized from Wells Fargo Account Number 056-4346773, together with any interest that may have accrued on that amount;  and

      g.      Miscellaneous grow equipment.

4. Upon entry of this Final Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant properties shall be returned to claimant through his attorney Timothy Zindel:

      a.      Approximately $9,932.73 in U.S. Currency seized from Washington Mutual Bank, CD, Account Number 09414284883, together with any interest that may have accrued on that amount; and

      b.      Approximately $9,966.82 in U.S. Currency seized from Washington Mutual Bank Account Number 093400000117054, together with any interest that may have accrued on that amount.

5. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties to the stipulation waived the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

7. Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about March 13, 2008, Doc. #1, the Court finds that there was reasonable cause for the seizure and arrest of the defendant properties, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

8. Each party shall bear its own costs and attorney's fees.

9. The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 5th day of April, 2011.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed March 13, 2008, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure, or arrest of the defendant properties, and for the commencement and prosecution of this forfeiture action.

DATED:   April 5, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE